# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **BABRAY HANAN**, | Civil No. 04-3741 (DSD/JGL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| **MARK CANGEMI, District Director, U.S. Immigration & Customs Enforcement (ICE); TOM RIDGE, Secretary, Department of Homeland Security; JOHN ASHCROFT, United States Attorney General,** | |
| Respondents. | |

APPEARANCES

Herbert Igbanugo, Esq., on behalf of Petitioner

Friedrich A. P. Siekert, Esq., Assistant U.S. Attorney, for Respondents

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter is before the undersigned Chief Magistrate Judge of District Court on Babray Hanan's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

On August 8, 2004, Petitioner Babray Hanan, a citizen of Afghanistan, filed a "Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 with Motion for Temporary Restraining Order" ("TRO").[1]  On August 10, 2004, the District Court issued a TRO, enjoining the Government from taking any action to effect Petitioner's removal from the United States until further order of the Court.  On August 13, 2004, this Court issued an Order directing the Government to show cause why the writ should not be granted.  On June 6, 2005, after Respondents' Return and Petitioner's Reply were filed, the Government filed a Notice of Applicability of the REAL ID Act of 2005 ("RIDA"), stating that pursuant to the new provisions of the Act, this Court must transfer Petitioner's case to the United States Court of Appeals for the Eighth Circuit.  As of August 1, 2005, nearly two months after the Government's Notice was filed, this Court has received no response from the Petitioner.  For the reasons set forth below, this Court agrees that Petition should be transferred to the Eighth Circuit.

---

[1]  The Court observes that in his habeas petition, Hanan sought judicial review of his detention by the Department of Homeland Security ("DHS").  This issue is now moot, as the District Court granted a TRO on August 10, 2004, and the Government agreed not to execute the removal order and to keep the Petitioner on supervised release.  Furthermore, the Petitioner did not address the issue of "detention" in his Reply to the Government's Return to Show Cause, in which the Government asserted that Petitioner is not being detained.  (See Gov't Mem. at 1; see also Pet'r Rep. Mem. at 1-16.)

## I. BACKGROUND

Petitioner, a citizen of Afghanistan, arrived in the United States on March 3, 1980 and sought admission. (Pet. ¶ 9.) Hanan was denied admission, but he was paroled into the United States pursuant to § 212(d)(5) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1182(d)(5) to pursue an application for asylum. (Id.) His application for asylum was denied on April 12, 1983, but due to adverse conditions in Afghanistan, Petitioner was allowed to remain temporarily on parole status and received work authorization. (Pet'r Rep. Mem. at 2.)

On April 1, 1983, in the United States District Court for the Eastern District of Virginia, Petitioner was convicted of importation of heroin and possession with intent to distribute heroin. He was sentenced to three years imprisonment on each count to run concurrently. (Pet. ¶¶ 14-20.) Petitioner served 22 months in a federal prison in Danbury, Connecticut. (Pet. ¶ 14.) On November 26, 1984, an Immigration Judge ("IJ") denied Petitioner's application for asylum and withholding of deportation, and entered an exclusion order against him. (Pet. ¶ 20.) On February 9, 1996, Petitioner filed a motion to reopen exclusion proceedings to apply for suspension of deportation. (Pet. ¶ 22.) The IJ denied the motion to reopen on February 12, 1997. (Id.) On July 12, 1999, Petitioner filed a second motion to

reopen his exclusion proceedings to apply for the newly implemented relief under Article 3 of the Convention Against Torture Act ("CAT"). (Pet. ¶ 23-24.) On October 23, 2002, after an evidentiary hearing, the IJ denied the Petitioner's application for relief under the CAT Act and executed an order of removal and deportation to Afghanistan. (Pet. ¶ 24.) Petitioner filed an appeal with the Board of Immigration Appeals ("BIA") on November 20, 2002. (Id.) The BIA dismissed the Petitioner's appeal on April 6, 2004, making his exclusion order final on that date. (Id.) The Immigration and Naturalization Service ("INS") (currently Immigration and Customs Enforcement ("ICE")) issued a Warrant of Removal/Deportation on April 12, 2004. (Pet. ¶ 3.) Petitioner sought review of the BIA's decision in the United States Court of Appeals for the Eighth Circuit. (Id.) On July 7, 2004, the Eighth Circuit dismissed the Petition for Review and denied Hanan's stay request. Hanan was scheduled for removal on August 10, 2004. (Pet'r Rep. Mem. at 8.)

On August 8, 2004, the Petitioner filed the instant habeas petition before the District Court seeking, inter alia, (1) judicial review of the IJ's denial of his application for deferral of removal; (2) a stay of his order of removal from the United States; and (3) habeas review of his detention by the Department of Homeland Security. (Pet. ¶¶ 1, 28.) As explained below – and as fully briefed in the Petitioner's own Reply Memo to this Court's Order to

4

Show Cause –     Hanan's claims are essentially one challenge to the IJ's and BIA's final order of removal as they relate to the Petitioner's CAT Act claim:  "Mr. Hanan has now filed the present action to obtain judicial review of the Immigration Judge's denial of his claim under the Convention Against Torture."  (Pet'r Rep. Mem. at 1, 8-9, 12.)

## II.     DISCUSSION

On May 11, 2005, Congress passed "The Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief Act, 2005," also known as RIDA, which took effect that same day.  Pub. L. No. 109-13, § 106(b), 119 Stat. 231 (2005).  In enacting RIDA, Congress amended the judicial review of § 242 of the INA, 8 U.S.C. § 1252, by adding, <u>inter</u> <u>alia</u>, the following jurisdictional provision:

> (5) Exclusive Means of Review – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act.

RIDA, § 106(a)(1)(B).

Section 106(c) of the RIDA requires that Petitioner's challenge to his final order of removal be transferred to the Court of Appeals for the Eighth Circuit.

> (c) TRANSFER of CASES – If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order or removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section

>242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section.

RIDA, § 106(c).  Under § 242(b)(2) of the INA, a "petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."

At least one court in this District recently transferred a petitioner's challenge to the order of removal to the circuit court where the IJ completed the proceedings.  See Kanteh v. Ridge, No. Civ. 05-313 (DWF/AJB), 2005 WL 1705526, at *1 (D. Minn. July 19, 2005) (adopting Magistrate Judge Arthur Boylan's Report and Recommendation and ordering that petitioner's challenge to removal order be transferred to Eighth Circuit).  Similarly, in this case, RIDA's enactment deprives this Court of jurisdiction over Petitioner's challenge to the BIA's order of removal.  Under RIDA, the courts of appeals have exclusive jurisdiction to review all administratively final orders of removal, deportation, and exclusion.  See RIDA, § 106(a)(1)(B).  Furthermore, RIDA's provisions were given immediate effect on pending cases on being signed into law.  RIDA, § 106(c).  The petition, dated August 8, 2004, was pending before the district court when RIDA's provisions took effect.  Accordingly, the District Court should transfer the petition here pursuant to the above-referenced procedure.

As previously mentioned, Petitioner's sole claim before this court represents a challenge to the lawfulness of the final order of removal.  Petitioner's claim for habeas review directly involves the IJ's and the BIA's administrative orders of deportation and removal.  (Pet'r Rep. Mem. at 1, 8, 12.)  In his Reply to the Government's Return to the Order to Show Cause, Petitioner states explicitly that his Petition and "complaint" seek relief from

deportation under Article 3 of the CAT Act.  (Pet'r Mem. at 9.) Petitioner acknowledges that the District Court has granted his TRO to prevent his deportation and that his remaining claim seeks judicial review of the IJ's order of removal pursuant to the CAT Act.  (Id. at 8.)  Furthermore, there is no issue of detention for this Court to consider, as the Government agreed that Hanan should continue to be on monitored release.

The Court observes that in its Return to the Order to Show Cause, the Government seemingly suggested that Petitioner is not challenging the 2004 final exclusion order or the dismissal of his appeal from the denial of his CAT Act claim.  However, the Government's most recent position is that Mr. Hanan's action is a challenge to his final order of removal.  (Gov't Notice at 2-3.)  As explained above, the Court agrees that Mr. Hanan's Petition is a challenge to the underlying final order of removal related to his claim under the CAT Act issued by the Immigration Judge and affirmed by the BIA.  (Pet'r Rep. Mem. at 1, 8-12, 16.)

In short, because all of Petitioner's habeas claims – with the exception of his challenge to the DHS "detention," which is now moot – arise directly out of his final order of removal and the allegation that said order of removal violates the CAT Act, this Court lacks habeas jurisdiction to review them, and instead must transfer them to the Eighth Circuit.  See e.g. Kanteh, 2005 WL 1705526, at *1 (holding that Petitioner's due process claims arise out of the removal proceedings, thus precluding the District Court habeas review); see also Ortega v. Gonzalez, No. Civ. 05-2365 (NGG), 2005 WL 1523783, at *3 (E.D.N.Y. June 28, 2005) (declining to exercise jurisdiction over petitioner's claim under the Declaratory Judgment Act or to issue a Writ of Mandamus in light of the new RIDA provisions); Campos-Javier v. Ashcroft, No. Civ. 04-908,

2005 WL 1330922, at *1 (S.D.N.Y. June 6, 2005) (transferring petitioner's challenge to the deportation order to the court of appeals); Ellis v. U.S. Immigration & Customs Enforcement, No. Civ. 05-192 (PKC), WL 1309338, at *1 (S.D.N.Y. June 1, 2005) (same).

As a final matter, this Court notes that the RIDA provisions do not affect the District Court's earlier order enjoining the Respondents from removing Petitioner while his action is pending.  Pursuant to the procedures adopted by a number of circuits for case transfers made pursuant to the RIDA, a stay of deportation remains in effect until the case reaches the Eighth Circuit, and the Court of Appeals may vacate this Court's stay on receipt of this petition.  See e.g. Aaloul v. Ashcroft, No. Civ. 04-2286, 2005 WL 1662010, at *3 (W.D. La. July 15, 2005) (holding that any previously issued stay, not terminated by the district court, should remain in place during the transfer); see also Ortega, 2005 WL 1523783, at *4 (issuing a stay of deportation pursuant to the Second Circuit's procedures for case transfers pursuant to the RIDA).

Accordingly, this Court recommends that while the case is pending before the Eighth Circuit, the TRO should stay in effect, and the Petitioner should continue to remain on supervised release pending any action from the Eighth Circuit.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

(1) Petitioner's claim challenging the DHS detention should be **DENIED AS MOOT**; and

(2) The remainder of Mr. Hanan's Petition for a Writ of Habeas

Corpus (Doc. No. 1) should be **TRANSFERRED** to the Eighth Circuit Court of Appeals pursuant to section 106 of the RIDA for review of Petitioner's claims which challenge the final order of removal.

DATED: August 2, 2005

                                                s/ Jonathan Lebedoff
                                             JONATHAN LEBEDOFF
                                             Chief United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by August 19, 2005. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.